UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
GARY PARRIS,

                Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER
LISA McCALLA Shield No. 7346 of the Narcotics
Boro Manhattan South, POLICE OFFICER
Undercover Officer #84 of the Narcotics Boro
Manhattan South, and JOHN DOE 1 of the Narcotics
Boro Manhattan South his name being fictitious as it is
presently unknown.

                Defendants.

------------------------------------------------------------------------ x

Ind. No. 13-cv-06686 (NRB)

**COMPLAINT**

The plaintiff, complaining of the defendants, by his attorney, MICHAEL FINEMAN, ESQ. respectfully shows to this Court and alleges:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant Civil, and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. The plaintiff, is a United States citizen and is a resident of the United States, State of New York, and the County of Kings.

7. Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individual defendants, LISA McCALLA Shield No. 7346 of the Narcotics Boro Manhattan South (hereinafter referred to as McCALLA), POLICE OFFICER Undercover Officer #84 of the Narcotics Boro Manhattan South (hereinafter referred to as UC #84) and JOHN DOE 1 of the Narcotics Boro Manhattan South (hereinafter referred to as JOHN DOE 1) were duly sworn police officers of said police department and was acting under the supervision of said police department and according to his official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendants, McCALLA, UC #84 and JOHN DOE 1, alleged herein were done by said defendants while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendants, McCALLA, UC #84 and JOHN DOE 1, alleged herein were done by said defendants while acting in furtherance of their employment by defendant NYC.

## PENDENT STATE CLAIMS

13. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about May 21, 2007.

14. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

That this action is commenced within one year and ninety days after the cause of action arose.

FACTS

15.  Upon information and belief, on or about July 3, 2013 at approximately 2:00am plaintiff was walking in the vicinity of 351 West 45th Street in New York County, New York.

16.  Upon information and belief, at the above time, date and location, plaintiff was approached by McCALLA, UC #84 and JOHN DOE 1 and ordered by said individuals to place his hands upon a a near by automobile.

17.  Upon information and belief, at the above time, date and location, McCALLA, UC #84 and JOHN DOE 1 place handcuffs on plaintiff and proceeded to search the plaintiff's person, including his pockets and under his clothing.

18.  Upon information and belief, at the time of the above-described search and seizure of the plaintiff, McCALLA, UC #84 and JOHN DOE 1 lacked any information to believe that the plaintiff had just committed a crime, and lacked any reasonable suspicion or probable cause to search and seize the plaintiff.

19.  Upon information and belief, plaintiff was held in excess of Forty-Eight hours before being produced by the New York City Police Department for Arraignment in the Criminal Court of the County of New York.

20.  Upon information and belief, Plaintiff was held on bail after arraignment and was not released from custody until July 6, 2012.

21.  Upon information and belief, Plaintiff was required to attend court several times over the course of six months until the underlying criminal case was dismissed and sealed on January 23, 2013.

22.  Upon information and belief, defendant McCALLA did intentionally and falsely complete a sworn statement stating that plaintiff was involved in the sale of a narcotic drug.

FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL
RIGHTS UNDER 42 U.S.C.§ 1983

23.  Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

24.  All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

25.  All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

26.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

27.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

29.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin and ethnic background and physical appearance.

30.  Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

31.  That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

32.  Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

33.  As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34.  As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

35.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with malice and discriminatory intent based on plaintiff's national origin, ethnic background and physical appearance.

36.  Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

37.  That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

38.  Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

39.  On the above mentioned date, defendant McCALLA did forcibly prevent the plaintiff from exiting the Police Precinct where plaintiff was taken to for arrest processing as well as the New York County Criminal Court Central Booking facility, and finally the New York City Department of Correction with plaintiff's knowledge and without the plaintiff's consent.

40.  Upon information and belief, defendant McCALLA had no justifiable reason to detain, or cause plaintiff's detention.

41.  Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical and mental distress, anguish, pain and suffering.

42.  Each and all of the acts of defendant McCALLA alleged herein were done by said person while acting within the scope of her employment by defendant NYC.

43.  Upon information and belief, defendant McCALLA's conduct was in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

44.  The acts complained of were carried out by defendant McCALLA in her capacities as a employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

<u>FOURTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

45.  Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

46.  Defendants misrepresented and falsified evidence before the District Attorney.

47.  Defendants did not make a complete and full statement of facts to the District Attorney.

48.  Defendants withheld exculpatory evidence from the District Attorney.

49.  Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

50.  Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

51.  Defendants acted with malice in initiating criminal proceedings against plaintiff.

52.  Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

53.  Defendants lacked probable cause to continue criminal proceedings against plaintiff.

54. Defendants acted with malice in continuing criminal proceedings against plaintiff.

55. Defendant misrepresented and falsified evidence throughout all phases of the criminal proceeding.

56. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about January 23, 2013.

57. Upon information and belief, defendant McCALLA's conduct was in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

By reason of the foregoing, plaintiff requests that this Court award him, a money judgment, in an amount to be determined at trial, for the physical and mental distress, anguish, pain and suffering he experienced as a result of the defendants' offensive conduct in an amount not less than $10,000,000.00.

### FIFTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

59. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, particularly defendants McCALLA, UC #84 and JOHN DOE 1in that the said defendants lacked the experience, deportment and ability to be employed by defendant NYC; in that NYC failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendants McCALLA, UC #84 and JOHN DOE 1who lacked the mental capacity and the ability to function as employees of defendant NYC; in that the defendant NYC failed to investigate the above named defendants' background and in that it hired and retained as employees of their police department individuals who were unqualified in that McCALLA, UC #84 and JOHN DOE 1 lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

60. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to lacerations and contusions to the face and body, loss of consciousness, as well as considerable pain and suffering, mental anguish, and anxiety.

61. That by reason of the aforesaid, the plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

Dated: New York, New York
       August 22, 2013

                              Very truly yours,

                              THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

                      By:            /s/
                              Michael Fineman, Esq. (MF0282)
                              Attorney for Plaintiff,
                              GARY PARRIS,
                              225 Broadway, Suite 3604
                              New York, New York 10007
                              Tel: (212) 233-4500
                              Fax: (212) 233-4501